2008 OK CIV APP 72

**OWENS ILLINOIS, INC. and Own Risk # 16542, Petitioners,**

v.

**Joel C. YANDELL, and The Workers' Compensation Court, Respondents.**

**No. 105,158.**

Court of Civil Appeals of Oklahoma, Division No. 4.

July 21, 2008.

James B. Cassody, Michael D. Gilliard, McGivern, Gilliard & Curthoys, Tulsa, OK, for Petitioners.

James E. Lowell, Tulsa, OK, for Respondents.

DEBORAH B. BARNES, Judge.

¶ 1 Petitioner, Owens Illinois, Inc. (Employer), petitions for review of a decision of a three-judge panel of the Workers' Compensation Court. Employer presents two issues for review: (1) whether the lower court erroneously determined that Claimant Joel C. Yandell sustained a compensable injury, and (2) whether the trial judge should have recused herself upon motion by counsel for Employer. Having reviewed the record and the applicable law, we remand the issue of recusal to the three-judge panel.

### FACTS

¶ 2 Claimant filed a Form 3 on June 9, 2005, alleging a cumulative trauma injury to his right hip as a result of over twenty years of employment with Employer. Employer denied liability, claiming preexisting, consequential, and/or intervening injury.

¶ 3 The trial court heard evidence as to the injury on January 23, 2006, and on June 26, 2006. Following those hearings, the trial judge's Order, filed on September 1, 2006, found a compensable injury and temporary total disability. Employer appealed that Order to a three-judge panel on September 11, 2006.

¶ 4 In its Order filed December 26, 2006, the three-judge panel vacated the trial judge's temporary total disability finding and remanded the case back to the trial judge for consideration of all the evidence on the defenses raised. On January 5, 2007, Employer moved for recusal of the trial judge under Rule 38, 85 O.S. Supp.2007, Ch. 4, App. The trial court took the motion under advisement and held no hearing on the matter.

¶ 5 On June 20, 2007, the trial judge entered two orders. The first, "Order Awarding Temporary Total Disability Benefits," was in response to the directive of the three-judge panel. Once again, the trial judge found a compensable injury and temporary total disability.

¶ 6 A second, separate order was entered on June 20, 2007, entitled "Miscellaneous Order." It denied Employer's recusal motion and expressly rejected Employer's contention that the trial judge had failed to consider evidence in ruling on Employer's defenses.

¶ 7 On June 28, 2007, Employer timely filed a Notice of Appeal to the three-judge panel. The Notice specifically stated that it was an appeal "from the Order Awarding Temporary Total Disability Benefits and the Miscellaneous Order, both filed June 20, 2007." The Notice further specified that: "Attached hereto are copies of the *Orders* filed in the case on June 20, 2007." (Emphasis added.)

¶ 8 On September 26, 2007, the three-judge panel issued its "Order on Appeal Affirming in Part and Modifying in Part the Decision of the Trial Court." This Order clearly refers only to one of the two orders presented to the panel-the trial judge's "Order Awarding Temporary Total Disability Benefits." There is no mention of the "Miscellaneous Order" or the recusal issue raised by it. It appears the three-judge panel inadvertently overlooked the "Miscellaneous Order" that was before it on appeal.

¶ 9 Employer filed its Petition for Review by this Court on October 16, 2007, listing the "Issues and Errors Proposed to be Raised on Appeal" as: "1) The lower court erroneously determined that claimant sustained a compensable injury"[1] and "2) The

---

1. Employer failed to brief this issue and therefore has waived its right to have it considered on

trial judge should have recused upon motion by counsel for employer."

## ANALYSIS

¶ 10 The second issue raised in the Petition for Review-the propriety of the trial judge's failure to recuse herself, although briefed by both parties, is prematurely before this Court. Rule 38, 85 O.S. Supp.2007, Ch. 4, App., provides:

"Any party who feels that a fair and impartial trial or other hearing cannot be received from the trial judge to whom the matter is assigned, shall make written motion requesting such judge to withdraw from the case. That application need not set forth specific reasons. The trial judge may withdraw without further proceeding and immediately refer the matter to the presiding judge for reassignment.

Any party aggrieved by an order of a trial judge who refused to grant a written request to disqualify, or transfer a claim to the presiding Judge for reassignment, may seek corrective relief by invoking the appellate jurisdiction of the three-judge review panel in the manner and within the time provided by 85 O.S., Section 3.6(A). The Supreme Court will not entertain an original proceeding to disqualify a trial judge of the Workers' Compensation Court or direct such judge to transfer a claim to

appeal. Rule 1.11(k)(1), Okla. Sup.Ct. Rules, 12 O.S.2001, Ch. 15, App. 1.

2. On remand, if the *en banc* panel finds the trial judge should have recused herself, the trial judge's previous order is voidable. *See Pierce v.*

the presiding judge of that court for reassignment *unless it is shown that the relief sought by the petitioner was previously denied by the three-judge review panel.*" (Emphasis added.)

¶ 11 The record before us contains no ruling by the three-judge panel on Employer's appeal of the second of the two June 20, 2007, Orders-the "Miscellaneous Order" that addressed the trial court's denial of Employer's recusal motion. Therefore, we remand this case to the three-judge panel for consideration of the June 20, 2007, "Miscellaneous Order," presented to the panel by Employer in its June 28, 2007, Notice of Appeal.[2]

## CONCLUSION

¶ 12 For the reasons set forth above, the matter of recusal is remanded to the three-judge panel for its consideration of the trial judge's "Miscellaneous Order."

¶ 13 REMANDED.

RAPP, C.J., and GABBARD, P.J., concur.

*Pierce,* 2001 OK 97, ¶ 23, 39 P.3d 791, 800. Because this case is remanded to correct an oversight of the *en banc* panel, in fairness to the parties, the panel should proceed on this matter with all due speed.